UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL A. JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:14-cv-00218-JMS-MJD |
| ) | |
| CAROLYN W. COLVIN, Commissioner of ) | |
| the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff Michael A. James applied for disability insurance benefits and supplemental security income benefits (collectively, "disability benefits") on June 6, 2012, alleging a disability onset date of December 1, 2011. [Filing No. 12-5 at 2-6; Filing No. 12-5 at 7-15.] His claim was denied initially and on reconsideration, and a hearing was held before Administrative Law Judge Angelita Hamilton (the "ALJ") on October 4, 2013. [Filing No. 12-2 at 14.] On October 25, 2013, the ALJ issued an opinion concluding that Mr. James was not disabled as defined by the Social Security Act. [Filing No. 12-3 at 61-73.] The Appeals Council denied his request for review on March 25, 2014, making the ALJ's decision the Commissioner's "final decision" subject to judicial review. [Filing No. 12-2 at 5-8.] Mr. James filed this civil action pursuant to 42 U.S.C. § 405(g), asking this Court to review his denial of benefits. [Filing No. 1.]

**I.**
**BACKGROUND**

Mr. James was forty-nine years old at the time he applied for disability benefits, alleging a disability onset date of December 1, 2011. [Filing No. 12-5 at 2.] He has a high school diploma and completed two years of college. [Filing No. 12-2 at 23.] Mr. James previously operated a

1

computer business from his home, worked for a food service company at a university, and worked in the pet department of a Wal-Mart. [Filing No. 12-2 at 21-23.] Mr. James cites the combined effects of degenerative disk disease in his cervical and lumbar spine, radiculopathy in his lower extremities, a seizure disorder, depression, anxiety disorder, and bipolar disorder for his inability to maintain work.[1] [Filing No. 12-2 at 18-19.]

Using the five-step sequential evaluation set forth by the Social Security Administration in 20 C.F.R. § 404.1520(a)(4), the ALJ ultimately concluded that Mr. James is not disabled. [Filing No. 12-3 at 72.] The ALJ found as follows:

- At Step One of the analysis, the ALJ found that Mr. James met the insured status requirements of the Social Security Act through September 30, 2013. [Filing No. 12-3 at 63.] The ALJ further found that Mr. James had not engaged in substantial gainful activity[2] since his alleged onset date. [Filing No. 12-3 at 63.]

- At Step Two of the analysis, the ALJ found that Mr. James has the following severe impairments: degenerative disc disease; status post lumbar fusion; sarcoidosis; bipolar disorder; anxiety; and alcohol abuse. [Filing No. 12-3 at 63.]

- At Step Three of the analysis, the ALJ found that Mr. James did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. [Filing No. 12-3 at 64-65.] In considering various listings, the ALJ

---

[1] Mr. James detailed pertinent facts in his opening brief, and the Commissioner does not dispute those facts. [Filing No. 17 at 2-8; Filing No. 22 at 2.] Because those facts implicate sensitive and otherwise confidential medical information concerning Mr. James, the Court will simply incorporate those facts by reference herein. Specific facts will be articulated as needed to address the parties' arguments.

[2] Substantial gainful activity is defined as work activity that is both substantial (i.e. involves significant physical or mental activities) and gainful (i.e. work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a); 20 C.F.R. § 416.972(a).

- concluded that Mr. James had mild restrictions in activities of daily living; moderate difficulties with social functioning; and moderate difficulties with regard to concentration, persistence, or pace. [Filing No. 12-3 at 64-65.]

- The ALJ concluded that through the date of last insured, Mr. James had the residual functional capacity ("RFC") to perform light work with the ability to lift and/or carry 20 pounds occasionally, 10 pounds frequently; stand and/or walk up to 6 hours in an 8 hour workday; sit 6 hours in an 8 hour workday; occasionally climb ramps and stairs but never ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, or crawl; occasionally interact with supervisors, co-workers, and the general public. [Filing No. 12-3 at 66.] Mr. James' RFC also had a limitation for avoiding exposure to hazardous moving machinery, raw chemicals or solutions, and unprotected heights; and it also limited him to simple, routine, repetitive tasks. [Filing No. 12-3 at 66.]

- At Step Four of the analysis, the ALJ concluded that Mr. James was unable to perform any past relevant work. [Filing No. 12-3 at 71.]

- At Step Five of the analysis, the ALJ concluded that considering Mr. James' age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. [Filing No. 12-3 at 71.] The ALJ relied on testimony from the vocational expert ("VE") to identify jobs that Mr. James could perform, such as a small products assembler, wire worker, encapsulator, and mail clerk. [Filing No. 12-3 at 72.]

- Based on these findings, the ALJ concluded that Mr. James is not disabled as defined by the Social Security Act and, thus, is not entitled to the requested disability benefits. [Filing No. 12-3 at 72.]

3

Mr. James requested that the Appeals Council review the ALJ's decision, but that request was denied on March 25, 2014, making the ALJ's decision the Commissioner's "final decision" subject to judicial review. [Filing No. 12-2 at 5-8.] Mr. James filed this civil action pursuant to 42 U.S.C. § 405(g), asking this Court to review his denial of benefits. [Filing No. 1.]

## II.
### STANDARD OF REVIEW[3]

"The Social Security Act authorizes payment of disability insurance benefits and Supplemental Security Income to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). "The statutory definition of 'disability' has two parts. First, it requires a certain kind of inability, namely, an inability to engage in any substantial gainful activity. Second it requires an impairment, namely, a physical or mental impairment, which provides reason for the inability. The statute adds that the impairment must be one that has lasted or can be expected to last . . . not less than 12 months." *Id.* at 217.

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable

---

[3] Mr. James filed the brief supporting his petition for review as a "Motion for Summary Judgment," [Filing No. 16], but the Court will apply the well-established standards for reviewing a social security decision.

4

deference," overturning it only if it is "patently wrong," *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v), evaluating the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [his] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citations omitted) (alterations in original). "If a claimant satisfies steps one, two, and three, [he] will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then [he] must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's RFC by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform his own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920(e), (g). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. *Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An

5

award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

## III.
### DISCUSSION

Mr. James makes two primary challenges to the ALJ's decision. First, Mr. James argues that the ALJ failed to find certain mental impairments of his to be severe at Step Two. [Filing No. 17 at 10.] Second, Mr. James contends that the ALJ erroneously ignored the episodic nature of his numerous mental impairments when concluding that he is not disabled. [Filing No. 17 at 10-14.] The Court will address each issue in turn.

**A. Step Two Challenge**

At Step Two, the ALJ found that Mr. James has the following severe impairments: degenerative disc disease, status post lumbar fusion, sarcoidosis, bipolar disorder, anxiety, and alcohol abuse. [Filing No. 12-3 at 63.] Mr. James argues that the ALJ erred when he failed to find that certain other mental impairments from which he suffered—namely, major depressive disorder, schizoaffective disorder, and borderline personality disorder—as severe impairments at Step Two. [Filing No. 17 at 10.]

In response, the Commissioner argues that any error was harmless because the ALJ proceeded beyond Step Two. [Filing No. 22 at 4.]

Mr. James does not address this issue in his reply. [Filing No. 25.]

A severe impairment is an impairment or combination of impairments that "significantly limits [one's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c). The ALJ is required to determine at Step Two whether the claimant in fact has an impairment or combination of impairments that is severe. *Castile v. Astrue*, 617 F.3d 923, 926-27 (7th Cir. 2010) (citing 20 C.F.R. § 404.1520(a)(4)(ii)). The burden is on the claimant to prove that the impairment

6

is severe. *Castile*, 617 F.3d at 926. As long as the ALJ determines that the claimant has one severe impairment, the ALJ will proceed to the next step of the evaluation process. *Id.* at 927 (citing 20 C.F.R. § 404.1523). If an ALJ finds one or more of a claimant's impairments to be severe, he needs to "consider the aggregate effect of the entire constellation of ailments—including those impairments that in isolation are not severe." *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003). "Therefore, the step two determination of severity is merely a threshold requirement." *Castile*, 617 F.3d at 927.

The Court rejects Mr. James' Step Two challenge. The ALJ found Mr. James to have the severe impairments of degenerative disc disease, status post lumbar fusion, sarcoidosis, bipolar disorder, anxiety, and alcohol abuse. [Filing No. 12-3 at 63.] After making that determination, the ALJ proceeded beyond Step Two in making her ultimately disability decision regarding Mr. James. [Filing No. 12-3 at 64-72.] The Step Two determination is "merely a threshold requirement," *Castile*, 617 F.3d at 927, and 20 C.F.R. § 404.1523 requires the ALJ to consider "the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." Thus, even if it was error for the ALJ to not consider certain impairments to be severe at Step Two, that "particular determination is of no consequence" because the ALJ proceeded through the remaining steps of the sequential analysis. *Castile*, 617 F.3d at 927. To the extent Mr. James argues that the ALJ erred by failing to take into account the functional impact of all of his mental impairments, the Court addresses that issue below.

**B. Failure to Account for Functional Limitations of Mental Illness**

Mr. James argues that the ALJ failed to adequately address the functional impact of his numerous diagnosed mental illnesses. [Filing No. 17 at 10-14.] Specifically, Mr. James contends

7

that the ALJ erroneously ignored the episodic nature of Mr. James' major depression, generalized anxiety disorder, and bipolar disorder in assessing the RFC. [Filing No. 17 at 10-14.] Mr. James cites medical evidence confirming that he has "good days and bad days" and contends that binding precedent holds that an ALJ must consider the episodic nature of mental impairments in assessing a claimant's RFC. [Filing No. 17 at 12-13 (collecting cases).] Mr. James also contends that the ALJ's limitation of simple, routine, repetitive tasks was "clearly inadequate" to account for the recognized functional limitations from his mental impairments. [Filing No. 17 at 13.]

In response, the Commissioner argues that a finding of greater limitations was not supported by the evidence. [Filing No. 22 at 3-7.] The Commissioner contends that Mr. James fails to identify any medical opinion calling for stricter work-related functional limitations, and emphasizes that a mere diagnosis is not enough to prove a functional limitation. [Filing No. 22 at 3.] The Commissioner does not specifically respond to Mr. James' argument that the ALJ's limitation to simple, routine, repetitive tasks was inadequate to account for the recognized functional limitations from Mr. James' mental impairments.

In reply, Mr. James again cites his various mental diagnoses and the evidence of functional limitations he has because of those impairments. [Filing No. 25 at 1-3.] He points to his vacillating GAF scores and the ALJ's own recognition of evidence that Mr. James was rude, tangential, and inappropriate, as well as sometimes depressed, tearful, anxious, and subdued. [Filing No. 25 at 2.] Mr. James again contends that the ALJ's RFC limiting him to simple, routine, repetitive tasks is insufficient to account for the episodic nature of his recognized mental impairments. [Filing No. 25 at 3.]

The Seventh Circuit Court of Appeals has held that "a person who has a chronic disease, whether physical or psychiatric, and is under continuous treatment for it with heavy drugs, is likely

8

to have better days and worse days." *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008). SSR 96-8 requires any RFC assessment to determine fitness to work on a "regular and continuing basis," which is defined as "8 hours a day, for 5 days a week, or an equivalent work schedule." If a claimant is well enough to work half the time and not well enough to work half the time, then he is not well enough to work on a "regular and continuing basis." *Bauer*, 532 F.3d at 608. "That is likely to be the situation of a person who has bipolar disorder that responds erratically to treatment." *Id.*

An ALJ who cherry-picks treatment notes or only accounts for a claimant's good days in determining whether he is disabled "demonstrate[s] a fundamental, but regrettably all-too-common, misunderstanding of mental illness." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011). This is because "a snapshot of any single moment says little about [the claimant's] overall condition." *Id.* The Seventh Circuit has "often observed that bipolar disorder . . . is by nature episodic and admits to regular fluctuations even under proper treatment." *Jelinek v. Astrue*, 662 F.3d 805, 814 (7th Cir. 2011). Relatedly, an ALJ's attempt to account for mental impairments by restricting the claimant to "simple" or "simple, repetitive tasks" is insufficient. *Stewart v. Astrue*, 561 F.3d 679, 685 (7th Cir. 2009); *see also O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010) (moderate limitation in concentration, persistence, or pace is not adequately accounted for simply by limiting the claimant to "simple, repetitive tasks").

In analyzing the functional limitations from Mr. James' mental impairments, the ALJ found that Mr. James has mild restrictions in activities of daily living; moderate difficulties in social functioning; and moderate difficulties in concentration, persistence, or pace. [Filing No. 12-3 at 64-65.] The ALJ noted that Mr. James has trouble following instructions, handling stress, and

adapting to changes in routine. [Filing No. 12-3 at 65.] In assessing the functional effects of Mr. James' mental impairments, the ALJ observed as follows:

> The claimant has occasionally been observed to be rude, tangential, and inappropriate. At times, he has also been noted to be depressed, tearful, anxious, and subdued. However, the claimant has often been found to be pleasant, calm, and cooperative, and his mood and affect have routinely been noted to be normal. Further, the claimant's insight and judgment have occasionally been observed to be limited, although they have frequently been noted to be normal. At times, the claimant has bene given Global Assessment of Functioning (GAF) scores ranging from 30 to 45, thereby suggesting he would likely experience serious to major impairment in several areas. However, at other times he has been given GAF scores between 58 and 60, thereby suggesting he would likely experience only moderate difficulty in social or occupational functioning. In addition, the claimant's cognition has been observed to be normal, and his memory has routinely been found to be intact. Nonetheless, the undersigned has considered the claimant's severe mental impairments by finding he is limited to simple, routine, repetitive tasks with only occasional interaction with co-workers, supervisors, or the public.

[Filing No. 12-3 at 68-69 (internal citations omitted).]

The Court concludes that the ALJ inadequately accounted for the functional limitations resulting from Mr. James' mental illnesses. The ALJ's summary of the evidence clearly describes the episodic nature of Mr. James' mental illness, *see Bauer*, 532 F.3d 608, but then the ALJ attempts to account for Mr. James' good days and bad days by limiting him to simple, routine, repetitive tasks. This is insufficient, as Mr. James points out.[4] [Filing No. 17 at 13]; *see also Stewart*, 561 F.3d at 685; *O'Connor-Spinner*, 627 F.3d at 620. Accordingly, the Court agrees with Mr. James that the ALJ's decision must be vacated and this matter must be remanded for further proceedings.

---

[4] Accordingly, the Commissioner has waived any response to Mr. James' argument by failing to directly respond. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument – as [Defendants] have done here – results in waiver."); *see also Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013).

## IV.
### CONCLUSION

For the reasons detailed herein, the Court **VACATES** the ALJ's decision denying Mr. James benefits and **REMANDS** this matter for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four). The Clerk is directed to terminate the motion Mr. James filed with his petition for review. [Filing No. 16.] Final judgment will issue accordingly.

DATE: June 17, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via CM/ECF**:

Meredith E. Marcus
DALEY DISABILITY LAW, PC
mmarcus@fdaleylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov